UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TOMMY L. CREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-0478 PPS |
| ) | |
| CITY OF ELKHART, CHAD LIBBY, ) | |
| and NELSON CHIPMAN, ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Defendant submitted a Stipulated Protective Order on May 16, 2007, requesting that this Court issue a protective order covering various information in the underlying litigation. For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 18]. The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.    APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First Nat'l Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; see also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....") (quoting Citizens, 178 F.3d at 945). In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal

documents in light of the public interest in the judicial process. <u>Citizens</u>, 178 F.3d at 945 (citing <u>In re Krynicki</u>, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., <u>Confidentiality, Protective Orders, and Public Access to the Courts</u>, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

The parties' order contains broad language that does not properly describe or demarcate the information the parties seek to protect.  More specifically, paragraphs 2 and 3 of the stipulated protective order provides that  "the information in South and Andersons' personal files is confidential and requests their privacy be protected."  While personal information is often appropriate subject matter for a protective order, the language of the parties proposed order is vague. The order does not identify the specific information sought to be protected.  The language the parties have used is simply too broad and essentially allows either party to decide *carte blanche* what portions of the record to keep secret.  <u>See</u> <u>Citizens</u>, 178 F.3d at 945.  For the proposed document to comport with 7th circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order.

Moreover, the parties' proposed order also fails to satisfy the fourth prong of the above standard because it does not contain the specific language referring to the public interest.  The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings.  Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000).  In granting protective orders, judges are the "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents."  Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 945-46).  The proposed order fails to allow any interested member of the public to challenge the sealing of particular documents.

### III.  CONCLUSION

Because the parties' Stipulated Protective Order is over broad in scope, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order  [Doc. No. 18].  The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 21st Day of May 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge